IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SEMCON IP INC., § § § | |
| Plaintiff, § § | Case No. 2:18-cv-00192-JRG |
| v. § § | |
| AMAZON.COM, INC., § § | **JURY TRIAL DEMANDED** |
| Defendant. § § § § § § § | ▇▇▇▇▇▇▇▇▇▇▇ |

**PLAINTIFF SEMCON IP INC.'S MOTION TO COMPEL
AMAZON.COM, INC. TO PROVIDE DISCOVERY**

Plaintiff Semcon IP Inc. ("Semcon") respectfully requests that the Court compel Defendant Amazon.com, Inc. ("Amazon") to produce relevant discovery. Despite Semcon's repeated requests, Amazon has failed to (1) provide discovery regarding Amazon Products "that include or utilize adaptive power control and/or dynamic voltage frequency scaling ("DVFS"); and (2) produce discovery regarding Amazon's knowledge of the patents-in-suit and notice of its infringement, including but not limited to, communications regarding subpoenas served on Amazon in the *Semcon v. Huawei* case and communications between Amazon and Intellectual Ventures regarding the patents-in-suit and Transmeta patent portfolio. Semcon has followed up regarding the request, as detailed below, to no avail.

## I.   LEGAL STANDARD

The Court's Discovery Order requires production or access to "all documents . . . in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action." Dkt. 28 at 3. In the Eastern District of Texas, "[t]he rules of discovery are accorded a broad and liberal application to affect their purpose of adequately informing litigants in civil trials." *Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-cv-605, , 2012 WL 5830711, at *3 (E.D. Tex. Nov. 16, 2012); *Charles E. Hill & Assocs. v. ABT Elecs., Inc.*, 854 F. Supp. 2d 427, 428 (E.D. Tex. 2012) (same language); *see also STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 756 (E.D. Tex. 2004) ("the Court will not tolerate gamesmanship that attempts to conceal or delay the production of discoverable items.").

After a party attempts in good faith to obtain discovery without assistance from the court, the party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Amazon carries the burden to demonstrate "specifically how each discovery request is not relevant or [is] otherwise objectionable." *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life*

*Ins. Co.*, 2016 WL 2997744, at *4 (N.D. Tex. May 25, 2016). Amazon does not contend that Semcon's discovery request seeks irrelevant or otherwise objectionable information.

## II.   DISCUSSION

Throughout this case, Semcon has attempted to avoid involving the Court in its attempts to obtain the discovery from Amazon. Semcon diligently sought discovery from Amazon and relied on the representations made by Amazon regarding the scope of Amazon Products and Amazon's knowledge of the patents-in-suit. Semcon has yet to receive relevant discovery.

### A. Amazon Is Required to Produce Discovery Regarding the Full Scope of Amazon Products that Include or Utilize Adaptive Power Control and/or Dynamic Voltage and Frequency Scaling ("DVFS")

Semcon first identified deficiencies in Amazon's discovery in its February 5, 2019 correspondence. *See* Exh 1. Such deficiencies included the failure to identify Amazon Products that include or utilize adaptive power control and/or dynamic voltage frequency scaling ("DVFS"). Semcon reiterated Amazon's failures to provide adequate discovery regarding the full scope of Amazon Products on a March 6, 2019 meet-and-confer teleconference. When Semcon raised issues with Amazon's identification of the Amazon Products and explained that this Court's precedent that discovery is not limited to products specifically identified in infringement contentions, counsel for Amazon stated that, contrary to precedent in this District, it had simply reproduced Semcon's identification of publicly available exemplary products. *See* Exh. 2.  Rather than investigate Semcon's discovery requests and produce responsive discovery on the full scope of Amazon Products as defined by Semcon, Amazon represented to Semcon that it would be *impossible* to search for Amazon Products that include or utilize adaptive power control and/or DVFS.  *See* Exh. 2. Semcon relied on Amazon's clear and unambiguous representation that it was not possible to further investigate whether its products include or utilize adaptive power control and/or DVFS.  In the meantime, Amazon attempted to shift the

burden of producing information squarely within its posession, custody, or control to Semcon. *See* Exh. 2. Amazon never identified any NXP/Freescale-based Amazon Products.

Amazon's representation—that it would be *impossible* to search for Amazon Products that include or utilize adaptive power control and/or DVFS—proved to be false. During the deposition of ███████ Amazon's Rule 30(b)(6) witness on technical issues, ███████

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
█████████████████████████████

After first discovering that the Kindle products practice the accused technology, Semcon diligently notified Amazon of its failure to identify all Amazon Products, including the NXP/Freescale-based Amazon Products such as Kindle e-reader products that perform adaptive power control and/or DVFS, and requested production and supplementation. *See* Exh. 4. However, Amazon has refused to provide discovery regarding NXP/Freescale-based Amazon Products that that use adaptive power control and/or DVFS.

Accordingly, Amazon should be compelled to (1) inquire of NXP regarding whether each of the Amazon Products containing NXP/Freescale SoCs include or use adaptive power control

and/or DVFS; (2) supplement its responses to Interrogatory Numbers 1 through 4, and 9 to include Amazon Products containing NXP/Freescale SoCs that include or use adaptive power control and/or DVFS; (3) supplement its document production to include Amazon Products containing NXP/Freescale SoCs that include or use adaptive power control and/or DVFS; and (4) produce a Rule 30(b)(6) witness to testify regarding Topic Numbers 1 through 13 as they relate to NXP/Freescale SoCs.

### B. Amazon Is Required Produce Discovery Regarding First Awareness of the Patents-in-Suit and First Notice of Infringement, Including Communications Regarding Any Subpoena Concerning the Patents-in-Suit and Communications between Amazon and Intellectual Ventures Regarding the Patents-in-Suit and the Transmeta Portfolio

Semcon's Interrogatory No. 6 requested discovery regarding Amazon's first awareness of the patents-in-suit, particularly, the identification of the (1) dates and circumstances under which Amazon became aware of the patents-in-suit and/or their applications, and became aware of allegations that Amazon products infringe any of the patents-in-suit; (2) individuals at Amazon who first became aware of the patents-in-suit and/or their applications; and (3) actions taken by Amazon in response to becoming aware of the patents-in-suit and/or their applications. Rather than conduct a reasonable search for any documents or communications evidencing Amazon's awareness, Amazon responded that it became aware of the patents-in-suit on or around the filing of the Complaint in this case. Amazon produced no further discovery or documents related to first awareness or notice of infringement. Semcon contends that Amazon may have been put on notice through communications with Intellectual Ventures and/or through receipt of a subpoena in *Semcon IP Inc. v. Huawei Device USA Inc., et al.*, Case No. 2:16-cv-00437-JRG-RSP (E.D. Tex.) (Exh. 5, "*Huawei* subpoena"; Exh. 6), which concerned the same patents-in-suit. Recent discovery has shown that Amazon has not performed a reasonable search or has not produced responsive discovery. ████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████ Whether Amazon and Intellectual Ventures (or its affiliate) communicated or exchanged documents regarding the Transmeta portfolio and/or patents-in-suit is within the scope of discovery in this case. Second, Amazon's Rule 30(b)(6) witness █████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████ In fact, Amazon's position on the record is that it need not investigate and identify the persons involved in responding to the subpoena because such information is irrelevant. Amazon's position evinces willful blindness, as Amazon has not produced any responsive discovery. Whether Amazon was put on notice that it infringed the patents-in-suit or became aware of the patents-in-suit through these communications is relevant, responsive, and discoverable information that is probative of the issues of knowledge and notice.

Accordingly, Amazon should be compelled to search for, investigate, and produce documents and communications regarding Amazon's first awareness of the patents-in-suit or notice of Amazon's infringement of the patents-in-suit including: (1) the *Huawei* subpoena; (2) Amazon's communications with Intellectual Ventures regarding the patents-in-suit; and (3) the Transmeta patent portfolio.

In conclusion, for the foregoing reasons, Semcon requests that the Court compel Amazon to provide the requested discovery.

Dated:  June 19, 2019 **BROWN RUDNICK LLP**

  /s/ Alfred R. Fabricant
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Shahar Harel
NY Bar No. 4573192
Email: sharel@brownrudnick.com
Enrique W. Iturralde
NY Bar No. 5526280
Email: eiturralde@brownrudnick.com
Daniel J. Shea, Jr.
NY Bar No. 5430558
Email: dshea@brownrudnick.com
Justine Minseon Park
NY Bar No. 5604483
Email: apark@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, NY 10036
Telephone: (212) 209-4800
Facsimile: (212) 209-4801

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston
Marshall, Texas 75670
Telephone: (903) 938-8321
Facsimile: (903) 215-8510

**ATTORNEYS FOR PLAINTIFF,
SEMCON IP INC.**

## CERTIFICATE OF CONFERENCE

      Lead and local counsel for both parties held a meet-and-confer on June 18, 2019, in an attempt to resolve the issues brought in this motion. The parties reached an impasse regarding each of the issues set forth in this motion. With the end of fact discovery approaching, Semcon proceeded with this motion to compel in the hope that its pendency and a ruling will resolve the issues in this motion quickly.

                                                                  */s/ Alfred R. Fabricant*
                                                                  Alfred R. Fabricant

8

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████


                                               */s/  Alfred R. Fabricant*
                                               Alfred R. Fabricant

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2019 a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

                                      */s/  Alfred R. Fabricant*
                                      Alfred R. Fabricant