███████████████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SEMCON IP INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-cv-00192-JRG |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| AMAZON.COM, INC., | ) ███████████ |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT AMAZON.COM, INC.'S ██████ MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant Amazon.com, Inc. ("Amazon") respectfully moves for a protective order precluding Plaintiff Semcon IP Inc. ("Semcon") from pursuing discovery regarding Amazon's Kindle e-readers.

On June 13, 2019, with fact discovery set to close on June 17,[1] Semcon took the position for the first time that Kindle e-readers incorporating system-on-chips ("SoC") from NXP/Freescale were accused in this litigation, and that Semcon needed discovery about them. Semcon is demanding a follow-up Rule 30(b)(6) deposition about those products, in addition to supplemental document production and interrogatory responses. Semcon is not entitled to that discovery, particularly at this late stage. The record is clear that Semcon chose not to accuse these products, and its lack of diligence precludes this eleventh-hour discovery.

## I. BACKGROUND

On June 13, 2019, Semcon took the deposition of Pushkar Gejji, an Amazon Rule 30(b)(6) witness. At the deposition, Semcon's counsel began questioning Mr. Gejji about Amazon's Kindle e-readers and NXP/Freescale SoCs utilized in them. Amazon's counsel was surprised because those products had never been mentioned in the case before.[2] That evening, Semcon sent an email alerting Amazon to its new position that Kindle e-readers with NXP/Freescale SoCs are accused. Semcon demanded an additional Rule 30(b)(6) deposition devoted to those devices, along with other discovery.

Amazon had not moved for a protective order prior to Mr. Gejji's deposition because it was unaware that Semcon ever believed Kindle e-readers with NXP/Freescale SoCs were at

---

[1] The Court later granted a joint motion to extend the close of fact discovery to June 28, 2019. Dkt. 69 at 3.

[2] While the questions were outside the scope of the Rule 30(b)(6) deposition, Amazon's counsel permitted the witness to answer the questions.

issue.  However, in view of Semcon's follow-up request for another deposition and other supplemental discovery, Amazon now presents this motion for protective order.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(b)(1) provides that the ordinary scope of discovery extends to "any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . ." (emphasis added).  This Court has found that discovery about instrumentalities that are not accused is "irrelevant" and properly precluded.  *Geotag, Inc. v. Frontier Communications Corp.*, No. 2:10-cv-265, Dkt. 699 at 4 (E.D. Tex. June 26, 2013).

### A. Kindle E-readers Are Not Accused and Are Irrelevant.

Kindle e-readers with NXP/Freescale SoCs are not accused, and thus discovery about them is irrelevant.  Semcon's infringement contentions contain the following passage identifying the accused products:

> Semcon is currently aware that certain products that include any and all chipsets with any of Qualcomm's Snapdragon SoCs, including but not limited to the 800, 805 and 8064, any of Texas Instrument's SoCs including OMAP3, OMAP4, OMAP5 and DM37x and Amlogic's SoCs including S905Z processor designs that use DVFS for power management infringe the '061, '708, '627 and '247 Patents. The Accused Products include the SoC hardware with associated software and/or firmware running on the SoC. Upon information and belief, these products include at least the least the Kindle Fire, Kindle Fire HD 7, Kindle Fire HD 8.9, Kindle Fire HDX, Kindle Fire HDX 8.9, Fire Phone, Fire TV, Fire TV Cube, Echo and Echo Dot products including all generations and versions of the aforementioned products.

Infringement Contentions at 2.  Local Patent Rule 3-1(b) requires the identification of accused products in infringement contentions to be "as specific as possible."[3]  Semcon's infringement

---

[3] Local Patent Rule 3-1(b) provides: "Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if

2

contentions do not satisfy this standard as to Kindle e-readers or NXP/Freescale SoCs. While the infringement contentions identify certain Amazon products and associated SoCs, they never mention Kindle e-readers or NXP/Freescale SoCs.

"[I]t is [Semcon], not [Amazon], who knows best what its infringement theory is." *TiVo Inc. v. Samsung Elecs. Co.*, No. 2:15-cv-1503, Dkt. 129, at 5 (E.D. Tex. July 22, 2016). Semcon's accusations against different Amazon products, that use different SoCs from different suppliers, do not provide notice that Kindle e-readers with NXP/Freescale SoCs are accused. *Id.* at 5-6 (identification of four set-top box models "and other DVRs having the same or similar functionality" did not provide notice as to other set-top boxes sold to a different customer). Accordingly, those products are not accused and are irrelevant.

### B. Semcon Did Not Diligently Pursue Discovery.

Nor can Semcon rely upon cases that permit discovery into "reasonably similar" products that are not expressly accused. "To demonstrate that it is entitled to discovery concerning reasonably similar products, [Semcon] must show that (1) its preliminary infringement contentions . . . gave [Amazon] notice of a specific theory of infringement and (2) the products it seeks discovery of operate in a manner reasonably similar to that theory. [Semcon] must also demonstrate that it has diligently sought this information." *Geotag, Inc. v. Frontier Communications Corp.*, No. 2:10-cv-265, Dkt. 699 at 4 (E.D. Tex. June 26, 2013).

Setting aside the first two hurdles Semcon would have to clear, Semcon cannot demonstrate the requisite diligence in seeking discovery about Kindle e-readers with NXP/Freescale SoCs. Information about these products was publicly available and even known

---

known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process."

to Semcon when its infringement contentions were served. *Geotag*, No. 2:10-cv-265, Dkt. 699 at 4.

In particular, Semcon's infringement contentions, reproduced below, cite to a webpage that contains source code for certain Kindle Fire tablets that Semcon accused of infringement. However, the source code for the *unaccused* Kindle e-readers is also plainly available at that web page, showing that Semcon clearly was aware of the Kindle e-reader source code yet did not accuse the products of infringement.

> Further, for Amazon products using TI OMAP4 processors (e.g., an Amazon Fire HD Tablet from 2013) the code (including various versions) is available at https://www.amazon.com/gp/help/customer/display.html?nodeId=200203720 and contains the same functionality as that shown in detail for Amazon product(s) that utilize the Amlogic SoC.
>
> Further, for Amazon products using Snapdragon 805 and 800 processors (e.g. an Amazon Fire HDX Tablet), the code (including various versions) is available at https://www.amazon.com/gp/help/customer/display.html?nodeId=200203720 and contains the same functionality as that shown in detail for Amazon product(s) that utilize the Amlogic SoC.

Infringement Contentions Ex. A (cover page). A Google search would also have uncovered a product teardown reporting an NXP/Freescale SoC was used in a Kindle e-reader, with a link to the SoC's data sheet. https://www.ifixit.com/Teardown/Kindle+7th+Generation+Teardown/29802.

Thus, the existence of Amazon's Kindle e-readers, their relevant source code, and the fact that they used NXP/Freescale SoCs, was all publicly information readily accessible to Semcon.

Even if Semcon had never heard of a Kindle e-reader before, "[a] lack of awareness as to publicly available information, by itself, does not excuse" Semcon's "failure to accuse" products. *Geotag*, No. 2:10-cv-265, Dkt. 699 at 4. Here, however, the only reasonable inference is that Semcon *did know* about the Kindle e-readers and yet made a decision *not* to accuse them, which

4

shows a lack of diligence.

Nor did Semcon otherwise diligently pursue this discovery. Rather, the discovery record reflects an understanding that these products were *not* accused or the subject of discovery.

None of Semcon's discovery requests mentioned Kindle e-readers or NXP/Freescale SoCs. On November 20, 2018, Semcon served its interrogatories requesting information about "Amazon Product(s)," which were defined as follows:

> "Amazon Product(s)" shall mean all products made, used, sold, offered for sale, or ultimately imported into the United States by Defendant and all products sold abroad by Defendant that are ultimately imported into the United States (whether or not by Defendant) that include or utilize adaptive power control and/or dynamic voltage frequency scaling ("DVFS"), including at least SoCs that include any of Qualcomm's Snapdragon SoCs, including but not limited to the 800, 805 and 8064, any of Texas Instrument's SoCs including OMAP3, OMAP4, OMAP5 and DM37x and Amlogic's SoCs including S905Z processor designs and products that include as a component such SoC's or other products that include or utilize adaptive power control and/or DVFS. "Amazon Product(s)" also includes any products identified by Plaintiff as infringing the Asserted Patents, including without limitation, the Amazon Accused Products identified in Plaintiff's Disclosure of Asserted Claims and Infringement Contentions, and any products identified in a report of any of Plaintiff's experts. Any products accused of infringing any patent later asserted by Plaintiff in This Action will also be included in the definition of "Amazon Product(s)."

Semcon's Interrogatory No. 1, for example, asked Amazon to "Identify each Amazon Product(s), and for each Amazon Product(s), identify its internal and external name(s) and model number(s); and date of first sale and date of last sale (if no longer sold)." Kindle e-readers and NXP/Freescale are not mentioned anywhere in Semcon's interrogatories.

Amazon timely responded to Semcon's interrogatories on December 20, 2018. Amazon's responses objected to the term "Amazon Product(s)" "as overly broad and unduly burdensome to the extent it fails to describe the relevant products with sufficient specificity and

5

to the extent it includes functionalities or components that Semcon has not accused of satisfying any element of any claim of the Asserted Patents and are therefore not relevant to any party's claim or defense or proportional to the needs of the case."

In response to Interrogatory No. 1, Amazon provided "a chart listing the Amazon devices ***identified in Semcon's Infringement Contentions***, including generations and versions thereof, along with each device's internal name, date of first sale in the United States, and date of last sale in the United States." Amazon's interrogatory response included each generation of the products listed. Thus, Amazon was very clear and straightforward about the scope of products it had identified.

On February 5, 2019, Semcon sent Amazon a letter requesting that Amazon's response to Interrogatory No. 1 be supplemented to "include all 'Amazon Products' per the definition offered by Semcon." The parties met and conferred on March 6, 2019, and Semcon requested a supplement identifying all products that perform dynamic voltage and frequency scaling ("DVFS"). Amazon advised that it could not perform searches for products that perform DVFS, but that if Semcon would identify particular products that it believed performed DVFS, Amazon would investigate and supplement its interrogatory responses if necessary. The parties had an additional meet and confer on April 8, 2019.

On April 11, 2019, Semcon sent a letter to Amazon requesting that Amazon investigate whether various products "contain processors that perform DVFS." Butcher Declaration, Ex. 1 (attached hereto). The letter did not mention Kindle e-readers with NXP/Freescale SoCs, again confirming that Semcon was not seeking discovery about those products.

There was similarly no notice that Kindle e-readers with NXP/Freescale SoCs were an issue in connection with the Rule 30(b)(6) depositions. Semcon's Rule 30(b)(6) deposition

6

notice was served on November 20, 2018 and incorporated the same definition of "Amazon Product(s)" that Semcon used in its interrogatories. Amazon's objections, which were served on December 20, 2018, again included an objection to the definition of "Amazon Product(s)." Amazon's objections noted that "Amazon will construe the term 'Amazon Product(s)' throughout these topics *to mean the Amazon products identified by name in Semcon's Infringement Contentions*." Amazon was thus, again, very clear about how it interpreted the scope of products that were fair game in a Rule 30(b)(6) deposition.

Semcon never raised the issue of Kindle e-readers with NXP/Freescale SoCs before the June 13, 2019 Gejji deposition, despite having had Amazon's objections for about six months. Only during the deposition did Semcon raise Kindle e-readers and NXP/Freescale SoCs as an issue.

In short, Semcon's attempt to add new products into the mix at the end of discovery is foreclosed by its lack of diligence. Moreover, allowing Kindle e-readers to come into issue at this late stage would be highly prejudicial to Amazon. The infringement analysis requires an understanding of how the SoCs inside each accused product operate. All of the SoCs in Amazon's accused products are provided by third parties, and Amazon has to investigate how the chips work to adequately prepare a defense. None of the presently accused SoCs came from NXP/Freescale. Amazon would be highly prejudiced if it had to begin defending infringement claims based on a different supplier's SoCs with fact discovery closing on June 28.

### III.    CONCLUSION

For the foregoing reasons, Amazon requests that the Court issue a protective order precluding Semcon from pursuing discovery as to Amazon's Kindle e-readers.

Date:  June 18, 2019                                  Respectfully submitted,


                                                                          /s/ Michael J. Bettinger
Michael J. Bettinger (*Admitted in E.D. Tex.*)
mbettinger@sidley.com
(CA Bar No. 122196)
Sidley Austin LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

Kelley A. Conaty
kconaty@sidley.com
Texas Bar No. 24040716
Tung T. Nguyen
tnguyen@sidley.com
Texas Bar No. 24007745
James C. Butcher
cbutcher@sidley.com
Texas Bar No. 24092203
Sidley Austin LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone:  (214) 981-3300
Facsimile:  (214) 981-3400

Melissa R. Smith
melissa@gillamsmithlaw.com
Texas Bar No. 24001351
**GILLAM & SMITH, LLP**
303 S. Washington Avenue
Marshall, TX   775670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257

**Attorneys for Defendant**
**AMAZON.COM, INC.**

8

**Certificate of Conference**

This is to certify that lead counsel and local counsel for Amazon.com, Inc. met and conferred with lead and local counsel for Semcon IP Inc. on June 18, 2019 in compliance with LR CV-7(h) regarding this motion. Discussions conclusively ended in an impasse, leaving the matter for resolution by the Court.

    /s/ *Michael J. Bettinger*
    Michael J. Bettinger

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 18, 2019 to counsel of record via email.

    /s/ *Michael J. Bettinger*
    Michael J. Bettinger